UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MILTON RUSSELL
              Plaintiff,

-Against-

THE CITY OF NEW YORK, POLICE OFFICER
NICHOLAS SMITH SHIELD # 23398, POLICE
OFFICER CHRISTOPHE HASSAN SHIELD
#4075, POLICE OFFICER JOHN DOE # 1
in his individual and official capacities as an
employee of the City of New York Police Department,
                                   Defendants.
------------------------------------------------------------X

**AMENDED COMPLAINT AND JURY DEMAND**
**14-cv-1928 (PKC)(CLP)**

The Plaintiff, RUSSELL MILTON, by his attorney, Amy Rameau Esq., of The Law Office of Amy Rameau, alleges the following, upon information and belief for this Complaint:

### NATURE OF THE ACTION / PRELIMINARY STATEMENT

1. This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, the Fourth, Eighth and Fourteenth Amendments of the United States Constitution, Article I, Sections 6, 11, and 12 of the Constitution of the State of New York, and the common law of the State of New York, against the City of New York, the New York City Police Department, and against Police Officers John Doe No. 1, 2 and No. 3, police officers of the City of New York, in their individual and official capacities. Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

## JURISDICTION

2. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 (3) and (4). Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §1331 and §1367. Plaintiff requests that this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as plaintiff's federal claims.

## VENUE

3. Under 28 U.S.C. § 1391(a),(b),(c), venue is proper in the Eastern District of New York.

## PARTIES

4. Plaintiff at all times relevant hereto resided in the City and State of New York.

5. That at all times hereinafter mentioned, and upon information and belief, the defendant, THE CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York.

6. THE NEW YORK CITY POLICE DEPARTMENT was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

7. That at all times hereinafter mentioned, and on information and belief, the defendant Police Officers, were at all times relevant hereto, employees of the defendant CITY OF NEW YORK, as police officers employed by the NEW YORK CITY POLICE DEPARTMENT.

8. At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

9. That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by the defendant, THE CITY OF NEW YORK through the NEW YORK CITY POLICE DEPARTMENT. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of defendant, THE CITY OF NEW YORK.

## FACTUAL ALLEGATIONS

10. Plaintiff is over sixty years old and African-American.

11. On October 13, 2013, Officer CHRISTOPHE HASSAN SHIELD #4075 and his partner placed Plaintiff under arrest in the area of 182 Utica Avenue in Kings County, New York. The two officers transported plaintiff to the 77th Precinct without incident. Once plaintiff arrived at the precinct,

OFFICER CHRISTOPHE HASSAN SHIELD #4075 allowed an officer NICHOLAS SMITH SHIELD # 23398 to process the arrest paperwork in plaintiff's.

12. At that time, Officer Hassan, his partner and Officer Smith took plaintiff before a desk sergeant and searched plaintiff. After the search, the three officers escorted plaintiff to a room in the back of the precinct on the first floor, an area where suspects are brought in, fingerprinted and their pictures taken. Plaintiff remained in handcuffs at that time.

13. Plaintiff entered the room cuffed to the back with officers, Hassan and Smith holding plaintiff by each arm. Hassan's partner remained outside of the room. Once inside Smith and Hassan took the cuffs off one of plaintiff's hands and extended plaintiff's arms outward. Hassan, while holding plaintiff's arm ordered plaintiff to "take off [his] jacket." Plaintiff responded "how I am I gonna take off my jacket when you two (Hassan and Smith) are holding my arms."

14. Suddenly, Hassan and Smith slammed plaintiff's face onto a desk several times. An officer who appeared to be of Asian origin (john Doe # 1) jumped onto the back of plaintiff's neck as he was face first on the desk and applied pressure as Hassan and Smith kicked and punched plaintiff. The officers re-cuffed plaintiff very tightly. They twisted plaintiff's wrist, elbows and shoulders and shove plaintiff head first into a series of metal bars connected to the bullpen.

15. Plaintiff began to bleed from his wounds and asked for medical attention but was denied medical attention for hours.

4

16. On or about October 14, 2013, Mr. Milton was arraigned under Kings County Criminal Court Docket 2013KN079819. He was initially made to withstand the pain of his numerous injuries without any medical attention. Only after crying out in tears was he taken to Kings County Hospital for medical treatment.

4. Mr. Milton made several appearances at the Kings County criminal Court before this matter was finally dismissed and sealed.

5. As a result of this assault, Mr. Milton sustained a number of sprains and strains swelling about the face and neck, cuts and lacerations about the face and body, a black eye and more.

34. Defendants employed unnecessary and unreasonable force against the plaintiff. Defendant officers acted maliciously and intentionally, and said acts are examples of gross misconduct. The officers intentionally used excessive force. They acted with reckless and wonton disregard for the rights, health, and safety of the plaintiff.

35. The conduct of the defendant officers in assaulting the plaintiff and denying him medical attention for hours directly and proximately caused physical and emotional injury, pain and suffering, mental anguish, humiliation and embarrassment. All of the events complained of above have left permanent emotional scars that the plaintiff will carry with him for the remainder of his life.

36. At no time did plaintiff assault or attempt to assault any officer, nor did he present a threat or perceived threat to the personal safety of any

officer or to the security of the precinct so as to warrant the repeated application of blows. Plaintiff did not provoke this beating nor did he conduct himself in any manner that would warrant any use of force, much less the excessive force actually used. Defendant officers acted sadistically and maliciously and demonstrated deliberate indifference toward plaintiff's rights and physical well-being.

37. All of the above was done in violation of state and federal law.

38. As a direct and proximate result of the malicious and outrageous conduct of defendants set forth above, plaintiff's injury has become permanent in nature as plaintiff now has a mark and a scar on his face.

39. The conduct of the defendant correctional officers in assaulting the plaintiff and denying him medical attention directly and proximately caused physical and emotional injury, pain and suffering, mental anguish, humiliation and embarrassment.

**FIRST CLAIM FOR RELIEF**
**42 U.S.C. § 1983/Eight, Fourth and Fourteenth Amendments**
**(Against All Individual Defendants)**

40. Plaintiff repeats and re-alleges each and every allegation above as if fully set forth herein.

41. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or failing to provide necessary medical care, the Individual Defendants deprived plaintiff of rights, remedies, privileges,

6

and immunities guaranteed to every citizen of the United States, secured by 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Eight, Fourth and Fourteenth Amendments to the United States Constitution to be free from gratuitous and excessive force.

42. Defendants CITY knew that the pattern of physical abuse described above existed prior to and including the time of the assault on plaintiff. Their failure to take measures to curb this pattern of brutality constitutes acquiescence in the known unlawful behavior of its subordinates. The prevalence of these practices and general knowledge of their existence at the time of plaintiff's beatings, and the failure of these defendants to take remedial action and provide adequate medical care despite the fact that the misuse of force by police officers had been persistently brought to CITY's attention, constitutes deliberate indifference to the rights and safety of the public, including plaintiff. These defendants' conduct has been a substantial factor in the continuation of such violence and a proximate cause of the constitutional violations alleged in this complaint

43. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## **SECOND CLAIM FOR RELIEF**

### **42 U.S.C. § 1983/Fourteenth Amendment**
### **(Against Defendant City)**

47. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

48. Defendant CITY, through the NEW YORK CITY POLICE DEPARTMENT, and acting under the pretense and color of law, permitted, tolerated and was deliberately indifferent to a pattern and practice of staff brutality and retaliation by DOC staff at the time of plaintiff's beating. This widespread tolerance of officer abuse of civilians constitutes a municipal policy, practice, or custom and led to plaintiff's assault.

49. By permitting, tolerating, and sanctioning a persistent and widespread policy, practice, and custom pursuant to which plaintiff was subjected to a brutal beating and untimely medical care, defendant City has deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, secured by 42 U.S.C. § 1983, including, but not limited to, rights guaranteed under the Fourteenth Amendment to be free from gratuitous and excessive force.

50. As a direct and proximate result of the policy, practice, and custom detailed above, plaintiff sustained the damages hereinbefore alleged.

### FOURTH CLAIM FOR RELIEF
### EXCESSIVE USE OF FORCE
### 42 U.S.C. § 1983
### (Against the individual defendants)

51. The plaintiff incorporates by reference the allegations set forth above as if fully set forth herein.

52. The conduct and actions of defendants acting under color of law and under their authority as a New York City Police Officers, in deliberately punching and kicking the plaintiff, was done intentionally, maliciously, with a

8

deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification, and was designed to and did cause specific serious bodily harm, pain and suffering in violation of the plaintiff's Constitutional rights as guaranteed under 42 U.S.C. § 1983, and the Eighth and Fourteenth Amendments to the United States Constitution.

53. As a direct and proximate result of this misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## REQUEST FOR RELIEF

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars on each of the plaintiff's Causes of Action;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action pursuant to 42 U.S.C. 1988;

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated:   Brooklyn, New York
         November 7, 2014

                                                                                                                                        /ss/
                                                         Amy Rameau, Esq.
                                                         Law Offices of Amy Rameau Esq.,
                                                         16 Court St, Suite 2504
                                                         Brooklyn, NY 11241

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
RUSSELL MILTON

        Plaintiff,

        -against-

THE CITY OF NEW YORK, POLICE OFFICER
NICHOLAS SMITH SHIELD # 23398, POLICE
OFFICER CHRISTOPHE HASSAN SHIELD
#4075, POLICE OFFICER JOHN DOE # 1
in his individual and official capacities as an
employee of the City of New York Police Department
Defendants.
------------------------------------------------------------------------X

**AMENDED COMPLAINT AND JURY DEMAND**

Amy Rameau, Esq.
Attorney for Plaintiff
16 Court Street, 2504
Brooklyn, NY
11241
Tel: 718.887.5536
Fax: 718.875.5440